IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:18-CV-203

| | | |
|---|---|---|
| PRECISION HYDRAULIC CYLINDERS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | NOTICE OF REMOVAL |
| MANUFACTURING TECHNOLOGY, INC., | ) ) ) ) | (28 U.S.C. §§ 1332, 1367, 1441 & 1446) |
| Defendant. | ) | |

TO: THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA; THE GENERAL COURT OF JUSTICE, SUPERIOR COURT DIVISION, NEW HANOVER COUNTY, NORTH CAROLINA, AND ALL PARTIES AND ATTORNEYS OF RECORD:

NOW COMES Defendant Manufacturing Technology, Inc. ("MTI"), by and through undersigned counsel and, pursuant to 28 U.S.C. §§ 1332, 1367, 1441 & 1446 and E.D.N.C. L.R. 5.3, hereby files its Notice of Removal of this civil action from the General Court of Justice, Superior Court Division, New Hanover County, North Carolina (the "Superior Court"), to the Southern Division of the United States District Court for the Eastern District of North Carolina.

As grounds for removal, MTI respectfully shows the Court the following:

1. On or about October 12, 2018, Plaintiff Precision Hydraulic Cylinders, Inc. ("PHC") filed Case No. 18-CvS-003517 (the "Lawsuit") in the Superior Court, by way of a Complaint captioned *Precision Hydraulic Cylinders, Inc., Plaintiff, v. Manufacturing Technology, Inc., Defendant* (the "Complaint"). The Superior Court is

1

located in the Southern Division of the Eastern District of North Carolina. A true and accurate copy of the Complaint is attached hereto as **Exhibit 1**.

2. MTI was served with a Summons and a copy of the Complaint on October 22, 2018. A true and accurate copy of the Summons served on MTI is attached hereto as **Exhibit 2**.

3. This Notice of Removal is timely filed within thirty (30) days of service of process on MTI of the initial pleading set forth the claim for relief upon which this action is based, pursuant to 28 U.S.C. § 1446(b). Defendant has not previously filed any pleading in this action.

4. The Complaint filed in the Lawsuit and the Summons issued in connection therewith, copies of which are attached as Exhibits 1 and 2, constitute all of the process and pleadings served upon MTI in the Lawsuit. MTI is not aware of any orders or other process or pleadings served in the Lawsuit.

5. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(a), because complete diversity of citizenship exists between the Plaintiff and Defendant and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

## Complete Diversity of Citizenship Exists Between the Parties

6. Plaintiff alleges in its Complaint that it is a North Carolina corporation with its headquarters in Wilmington, North Carolina. (Ex. 1 ¶ 1). Upon information and belief, Plaintiff is currently a North Carolina corporation with its principal place

2

of business located in the State of North Carolina and, at all times relevant, is a citizen of the State of North Carolina.

7. MTI is an Indiana corporation with its principal place of business in South Bend, Indiana. (Ex. 1 ¶ 2). At all times relevant, MTI is a citizen of the State of Indiana, and at no time was MTI a citizen of the State of North Carolina.

The Amount in Controversy, Exclusive of Interest and Costs, Exceeds $75,000.00

8. Although MTI disputes PHC's allegations in its Complaint, the amount in controversy in this matter is currently, and was at the time that the Complaint was filed, in excess of $75,000.00, exclusive of interests and costs.

9. In its Complaint, PHC includes seven purported claims for relief, which allege that PHC's damages are "in excess of $25,000.00." (Ex. 1 ¶¶ 65, 73, 78, 84, 94, 106, & 114). Upon information and belief, PHC's allegations in its Complaint concerning the purported amount in controversy are solely to comply with N.C. R. Civ. P. 8(a)(2), and do not detract from this Court's original jurisdiction.

10. For example, PHC's Seventh Claim For Relief is for MTI's purported "Unfair or Deceptive Trade Practices" in violation of N.C. Gen. Stat. § 75-1.1. (Ex. 1 ¶¶ 109–115). PHC's Seventh Claim For Relief alleges that MTI's alleged conduct "directly and proximately caused actual damages to PHC in excess of $25,000.00" and demands that, pursuant to N.C. Gen. Stat. §§ 75-1.1 and 75-16, said damages be trebled. (Ex. 1 ¶¶ 114 & 115). PHC's Seventh Claim for Relief, while disputed by MTI, facially demonstrates that the total amount demanded by PHC is in excess of $75,000.00, exclusive of interest and costs.

3

11. Prior to filing the Complaint, PHC also represented to MTI that it incurred purported damages of $485,443.24 arising out of the same or similar disputed facts alleged in the Complaint and, therefore, upon information and belief, PHC seeks an amount in excess of $75,000.00 for its several claims for relief, exclusive of interest and costs.

12. Based on the foregoing, the total amount demanded by PHC is in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

13. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over any other claims for relief asserted by PHC in the Complaint, should they be determined to exist, as the allegations in the Complaint establish that any such purported causes of action would derive from a common nucleus of operative fact.

14. In accordance with 28 U.S.C. § 1446(d) and E.D.N.C. L.R. 5.3, after the filing of this Notice of Removal, MTI will give written notice thereof to counsel for PHC, and will file a copy of this Notice with the Clerk of the Superior Court. Attached hereto as **Exhibit 3** is a copy of the Notice of Filing of Notice of Removal (without exhibits), which will be filed with the Clerk of the Superior Court with a filed copy of this Notice.

Based upon the foregoing, this action is hereby removed to the Southern Division of the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted this the 15th day of November, 2018.

SHANAHAN McDOUGAL, PLLC

BY: _____
Brandon S. Neuman, NCSB # 33590
John E. Branch III, NCSB # 32598
Jeffrey M. Kelly, NCSB # 47269
128 E. Hargett Street, Third Floor
Raleigh, North Carolina 27601
Telephone: (919) 856-9494
Facsimile: (919) 856-9499
bneuman@shanahanmcdougal.com
jbranch@shanahanmcdougal.com
jkelly@shanahanmcdougal.com
*Counsel for Defendant Manufacturing Technology, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing copy of **Notice of Removal** upon all parties to this matter by placing a copy in the United States Mail, First Class, postage prepaid, and addressed as follows:

>Christopher A. Page
>Jonathan L. Crook
>Young Moore and Henderson, P.A.
>3101 Glenwood Ave., Ste. 200
>Raleigh, NC 27612

This the 15th day of November, 2018.

>SHANAHAN McDOUGAL, PLLC
>
>BY: *[signature]*
>Brandon S. Neuman, NCSB # 33590
>John E. Branch III, NCSB # 32598
>Jeffrey M. Kelly, NCSB # 47269
>128 E. Hargett Street, Third Floor
>Raleigh, North Carolina 27601
>Telephone: (919) 856-9494
>Facsimile: (919) 856-9499
>bneuman@shanahanmcdougal.com
>jbranch@shanahanmcdougal.com
>jkelly@shanahanmcdougal.com
>*Counsel for Defendant Manufacturing Technology, Inc.*